IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| DATACLOUD TECHNOLOGIES, LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LATTICE SEMICONDUCTOR CORPORATION,<br><br>　　　　　　Defendant. | Civil Action No. 7:26-cv-00083<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff DataCloud Technologies, LLC (hereinafter, "Plaintiff" or "DataCloud") files this Complaint for patent infringement against Defendant Lattice Semiconductor Corporation ("Lattice" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1.　This is a patent infringement action to stop Defendant's infringement of the following United States Patents (collectively, the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO"):

|  | U.S. Patent No. | Reference |
|---|---|---|
| 1. | 7,209,959 | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7209959<br>https://patents.google.com/patent/US7209959B1/en?oq=7%2c209%2c959 |
| 2. | 7,246,351 | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7246351<br>https://patents.google.com/patent/US7246351B2/en?oq=7%2c246%2c351 |

2.　Plaintiff seeks monetary damages.

**PARTIES**

3.　DataCloud is a limited liability company organized and existing under the laws of

the State of Georgia and maintains its principal place of business at 44 Milton Avenue, Suite 254, Alpharetta, Georgia, 30009 (Fulton County).

4. Based upon public information, Lattice Semiconductor Corporation is a corporation organized under the laws of the State of Delaware.

5. Based upon public information, Lattice has its principal place of business at 5555 NE Moore Court, Hillsboro, Oregon, 97124.[1]

6. Based upon public information, Lattice maintains an "Operations Center" at 9500 Arboretum Boulevard, Suite 215, Austin, Texas 78759.[2]

7. Based upon public information, Lattice may be served through its registered agent, Corporation Service Company D/B/A CSC-Lawyers Inco, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

8. Based upon public information, Lattice may also be served through its registered agent, Corporation Service Company located at 251 Little Falls Drive, Wilmington, Delaware, 19808 and through its registered agent, Corporation Service Company, located at 1127 Broadway Street, NE, Suite 310, Sakem, Oregon, 97301.

## JURISDICTION AND VENUE

9. Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

10. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

---

[1] Source: https://www.latticesemi.com/About (last visited: March 7, 2026)

[2] *See id.* at FN 1.

11. Defendant is subject to this Court's specific and general personal jurisdiction under due process because of its substantial business in this Judicial District, in the State of Texas, and in the United States, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in this state, in this District, and in the United States.

12. Specifically, Defendant intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in this District, in the State of Texas, and in the United States, directly, through intermediaries, by contributing to and through the inducement of third parties, and offers and sends its products and services, including those accused of infringement here, to customers and potential customers located in this state, including in this District, and in the United States.

13. More specifically, Defendant directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and services in the United States, the State of Texas, and in this District.

14. Based on the foregoing, Defendant has significant ties to, and presence in, the State of Texas and this District, making venue in this Judicial District both proper and convenient for this action.

15. Therefore, venue is proper in this District pursuant to 28 U.S.C. §1400(b).

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,209,959**

16. Plaintiff re-alleges and incorporates by reference each of paragraphs 1-15 above as though fully set forth in their entirety.

17. U.S. Patent No. 7,209,959 (the "'959 patent") was issued on April 24, 2007 after full and fair examination by the USPTO of Application No. 09/542,858 which was filed on April

4, 2000. The '959 patent is titled "Apparatus, System, And Method For Communicating To A Network Through A Virtual Domain Providing Anonymity To A Client Communicating On The Network." *See* '959 patent at p. 1.

18. DataCloud owns all substantial rights, interest, and title in and to the '959 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

19. DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '959 patent.

20. The written description of the '959 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

21. The claims of the '959 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve networks and network systems by anonymizing network activity for individual clients and groups of clients for, among other reasons, security, traffic management, and routing purposes.

22. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '959 Patent, either literally or under the doctrine of equivalents, because it shipped, distributed, made, used, imported, offered for sale, sold, and/or advertised the products and services described below in a way that infringes.

23. For instance, Defendant performed at least claim 1 of the '959 patent by performing a method comprising: in response to a request by a client to initiate communication with a destination website; setting up a forwarding session between the client and a destination server corresponding to the destination website, the forwarding session employing a forwarder disposed between the client and the destination server to forward packets sent from the client to the destination server and to forward packets sent from the destination server to the client; employing the forwarder to transfer packets between the client and the destination server during the forwarding session, wherein the forwarding session is set up and implemented such that neither the client or the destination server is aware of the employment of the forwarder; employing a controller configured to communicate with the forwarder and a domain name server, wherein the controller queries the domain name server to resolve the name of the destination website associated with the destination server and initiates communication with the forwarder in response to an answer from the domain name server to resolve the name of the destination website associated with the destination server; employing a deceiver configured to communicate with the controller and the client, wherein the deceiver receives the request by the client to initiate communication with the destination website and initiates the controller to query the domain name server to resolve the name of the destination website associated with the destination server; and in response to the controller receiving the answer from the domain name server and initiating communication with the forwarder, initiating the forwarding session. *See* **Exhibit A**.

24. Based upon public information, Lattice's website infrastructure (www.latticesemi.com) performed the recited method and step which shows the details for responding to website requests with Developer Tools enabled. The system depicted a high-level overview of the hosting of dynamic websites, such as used with Lattice website infrastructure on

information and belief. For a destination web server hosted, the web server appeared to have a direct TCP connection between the local address (*e.g.* 192.168.29.50:54827) and the client address of 65.49.2.44:38926 (*e.g.* public IP). Thus, neither the client nor the destination server was aware of the employment of the forwarder. Domains names hosted by Lattice were queried by the controller to resolve the name of the destination website associated with the destination server, such as "www.Latticesemi.com". For example, in the complete list of 33 subdomain names for Lattice, other names share the same IP address such as latticesemi.com. The domain name server must be queried to find a corresponding private IP address of the destination website when subdomains share the public IP address. Lattice website infrastructure performed the recited step. The deceiver both (i) received the request and (ii) later sent the data from the destination server in a manner that makes the deceiver appear to be the source of the data when the source of the data is actually the destination server. *See* Exhibit A.

25. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

26. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,246,351**

27. Plaintiff re-alleges and incorporates by reference each of paragraphs 1-15 above as though fully set forth in their entirety.

28. U.S. Patent No. 7,246,351 (the "'351 patent") was issued on July 17, 2007 after full and fair examination by the USPTO of Application No. 10/081,921 which was filed on February 20, 2002. The '351 patent is entitled "System And Method For Deploying And Implementing

Software Applications Over A Distributed Network." *See* '351 patent at p.1.  A Certificate of Correction was issued on November 20, 2007.  *See id.,* at p.25.

29. DataCloud owns all substantial rights, interest, and title in and to the '351 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

30. DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '351 patent.

31. The written description of the '351 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

32. The claims of the '351 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include components that improve the deployment and operation of software applications over TCP/IP networks.

33. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '351 patent, either literally or under the doctrine of equivalents, because it shipped, distributed, made, used, imported, offered for sale, sold, and/or advertised the products and services described below in a way that infringes.

34. For instance, Defendant performed at least claim 14 of the '351 patent by performing a method for storing and running a software module on a user's client device that

provided text files containing embedded program logic for the software module to assemble into a functioning application (*e.g.,* a website application) that provided a graphical user interface for receiving and interpreting user inputs to the client device that enables user interaction with the computer program running on the client device.  See **Exhibit B**.

35.	Based upon public information, Lattice allowed users to view video content on their mobile devices, which interacted with its server.  The video player was associated with the code to play the video content on the user's device.  The video player displayed on the device included options to receive user input and control the video playback using pause and play buttons. Lattice enabled viewing video content on a user's devices.  A software module such as the Lattice website, ran on the mobile device and connected to the Lattice server to fetch program logic and interface components as text-based files.  These files included embedded code for assembling functional parts of the website such as the video player directly on the device.  Once assembled, the video player provided a graphical user interface (GUI) that allowed the user to interact with the video content.  This interface included user input controls for the video content such as play, pause, and other playback options, which were interpreted and handled locally on the device.  See Exhibit B.

36.	Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

37.	Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

38.	Plaintiff demands a trial by jury on all issues so triable by right.

**PRAYER FOR RELIEF**

39. Plaintiff respectfully requests the following relief:

   A. An adjudication that one or more claims of the Asserted Patents has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

   B. An award of damages to be paid by Defendant adequate to compensate Plaintiff Defendant's past infringement, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

   C. Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

   D. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

   E. Any further relief that this Court deems just and proper.

//

Dated: March 10, 2026

Respectfully submitted,

*/s/ James F. McDonough, III*

James F. McDonough, III (GA 117088)*
Jonathan R. Miller (GA 507179)*
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866, -1863
Email: jim@rhmtrial.com
Email: miller@rhmtrial.com

Jonathan L. Hardt (TX 24039906)*
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

**Attorneys for *Plaintiff DATACLOUD TECHNOLOGIES, LLC***

\* admitted to the Western District of Texas

EXHIBITS

A. Evidence of Use for U.S. Patent No. 7,209,959
B. Evidence of Use for U.S. Patent No. 7,246,351